UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                                          :
    *Plaintiff*,                          :
v.                                        :   No. 1:02-cv-384
                                          :   *Edgar*
DIANNA BLAIRTORBETT a/k/a                 :
DIANNA BLAIR TORBETT a/k/a                :
DIANNA BLAIR-TORBETT, INDIVIDUALLY        :
and d/b/a MCMINN CONSULTANTS, and         :
MCMINN CONSULTANTS, LIMITED,              :
                                          :
    *Defendants*.                         :

## **MEMORANDUM AND ORDER**

**I.     Introduction**

Currently pending before the Court is the motion of the Securities and Exchange Commission ("SEC") for a summary judgment and to order disgorgement, pre-judgment interest and a civil penalty against defendant, Dianna Blairtorbett a/k/a Dianna Blair Torbett a/k/a Dianna Blair-Torbett ("Blair-Torbett" or "Blairtorbett"). [Doc. No. 22]. Along with, and in support of, its motion for a summary judgment, disgorgement, pre-judgment interest and a civil penalty, the SEC has submitted a Statement of Material Fact to Which No Genuine Issue Exists. [Doc. No. 24]. Further, attached to, and in support of, the SEC's memorandum in support of its motion for a summary judgment, disgorgement, pre-judgment interest and a civil penalty, the SEC has attached other pleadings including: (1) the Stipulation and Consent of Dianna Blairtorbett to Entry of Permanent Injunction and Other Relief [Doc. No. 23, Exhibit 1]; (2) the Order of Permanent Injunction and Other Relief against Dianna Blairtorbett [Doc. No. 23, Exhibit 2]; and (3) the Declaration of Robert W. Lough, dated March 10, 2005. [Doc. No. 23, Exhibit 3].

Blair-Torbett has not filed a response to the SEC's motion for a summary judgment, disgorgement, pre-judgment interest and a civil penalty. Consequently, the SEC's motion for a summary judgment, disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22] is now ripe for review.

## II.     Background

The factual background of Blair-Torbett's conduct which formed the basis of the SEC's action against her is aptly summarized in paragraphs 3 through 35 of the SEC's Statement of Material Facts to which No Genuine Issue Exists [Doc. No. 24, ¶¶ 3 - 35].    Further in the Stipulation and Consent of Dianna Blairtorbett to Entry of Permanent Injunction and Other Relief [Doc. No. 23, Exhibit 1], Blair-Torbett voluntarily consented to the entry of an Order of Permanent Injunction. *Id.* at ¶ 3.    Subsection IV of the Order of Permanent Injunction and Other Relief Against Dianna Blair-Torbett [Doc. No. 24, Exhibit 2] states:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Blairtorbett shall pay disgorgement and pre-judgment interest in an amount to be resolved upon motion of the Commission at a later date.   For purposes of disgorgement and pre-judgment interest, the allegations of the Commission's complaint shall be deemed to be true, and Blairtorbett may not, by way of defense, contend that disgorgement and pre-judgment interest should not be imposed.  In the event that Blairtorbett, pursuant to sworn financial statements, is incapable of payment, disgorgement and pre-judgment interest may be waived or partially waived by the Commission in its discretion.

*Id.*, Subsection IV.    Subsection V of the Order of Permanent Injunction and Other Relief Against Dianna Blair-Torbett [Doc. No. 24, Exhibit 2] states:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Blairtorbett shall pay a civil penalty in an amount to be resolved upon motion of the Commission at a later date. For purposes of the civil penalty, the allegations of the Commission's complaint shall be deemed to be true, and Blairtorbett may not by way of defense contend that a civil penalty should not be imposed. In the event that Blairtorbett, pursuant to sworn financial statements, is incapable of payment, the Commission, it its discretion, may not seek to impose a civil penalty.

*Id.*, Subsection V. Finally, subsection VI of the Order of Permanent Injunction and Other Relief provides that the Court would retain jurisdiction over this action for all purposes, including the implementation of the Order. *Id.* at Subsection VI.

In addition, Robert W. Lough has filed a Declaration Pursuant to 28 U.S.C. § 1746 in support of the SEC's motion for a summary judgment, disgorgement, pre-judgment interest and a civil penalty. [Doc. No. 23, Exhibit 3]. Lough is a Deputy Assistant District Administrator in the Atlanta (Georgia) Office of the SEC. *Id.* at ¶¶ 1, 2. Prior to the preparation of his Declaration, Lough reviewed various documents including the sworn investigative testimony of Blair-Torbett and selected bank account records. *Id.* at ¶ 3.

Lough's findings are summarized in paragraphs four (4) through thirteen (13) of his Declaration. *Id.* Based upon his findings, Lough has stated in pertinent part:

> 14. The amount of disgorgement which the Commission initially asks the Court impose against Blairtorbett is $5,080,266, representing the investor funds which she controlled and deposited into accounts over which she had signatory authority.
>
> 15. From that amount $2.5 million which Blairtorbett used to pay repay [sic] investors should be deducted from $7,580,266 leaving disgorgement to be ordered in the amount of $5,080,266.
>
> 16. I have caused prejudgment interest to be calculated on the amount of $5,080,266 from December 1, 1999 through February 28, 2005, at the interest rates used by the Internal Revenue Service for unpaid

3

> balances . . . During that period, the total prejudgment interest on $5,080,266 totals $1,908,784.01 . . . .

*Id.*

### III. The SEC's motion for a summary judgment, disgorgement, pre-judgment interest and civil penalties [Doc. No. 22].

It its motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22], the SEC seeks a summary judgment against Blair-Torbett pursuant to Fed. R. Civ. P. 56. The SEC contends that it is entitled to a summary judgment against Blair-Torbett on the ground that she has previously consented to the entry of this Court's Order of Permanent Injunction and Other Relief Against Dianna Blairtorbett [Doc. No. 11] which provides, *inter alia*, that Blair-Torbett shall pay disgorgement, pre-judgment interest and a civil penalty in amounts to be resolved upon the motion of the SEC at a later date. *Id.*, p. 4, subsections IV & V. The SEC notes that the Order of Permanent Injunction and Other Relief Against Dianna Blairtorbett further provides that for purposes of resolving the issues of disgorgement, pre-judgment interest and a civil penalty, the allegations in the SEC's complaint shall be deemed to be true and that, by way of defense, Blair-Torbett may not contend that disgorgement, pre-judgment interest and a civil penalty should not be imposed. [Doc. No. 22, p. 2].

#### A. Summary Judgment Standard of Review

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis*

*Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248, 249; *National Satellite Sports*, 253 F.3d at 907.

The SEC filed its motion for summary judgment on March 14, 2005. [Doc. No. 22]. As of this writing, Blair-Torbett has filed no response, timely or otherwise, to the SEC's summary judgment motion. Rule 7.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee, provides in pertinent part that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought."

However, after reviewing the pleadings and all submissions relevant to the motion for a summary judgment, a court should grant a summary judgment "where the evidence is such that it 'would require a directed verdict [judgment as a matter of law] for the moving party.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505 (1986)(quoting *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 624 (1944)). Once the moving party has satisfied this standard, the nonmoving party must present significant probative evidence in support of its complaint to defeat the moving party's motion for a summary judgment. *Anderson*, 477 U.S. at 249-50;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994). The nonmoving party does not bear the burden of presenting evidence to defeat the summary judgment motion until after the moving party has satisfied its initial burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 417 U.S. 317, 323, 106 S. Ct. 2548 (1986); *Johnson v. U. S. Postal Service*, 64 F.3d 233, 236 (6th Cir. 1995); *Pierce*, 40 F.3d at 800.

Thus, the Court will not deem plaintiff's failure to file a response to the SEC's motion for a summary judgment, timely or otherwise, as a waiver of opposition to the relief sought.

**B.     Disgorgement**

As noted, the SEC seeks an order to Blair-Torbett to pay disgorgement in the amount of $5,080,266. [Doc. No. 23, p. 2]. The SEC notes that the Lough Declaration states that Blair-Torbett deposited, or caused to be deposited, $7,580,266 in investor funds which she controlled. [Doc. No. 23, Exhibit 3, ¶ 7]. The Declaration further states that Blair-Torbett used $2.5 million of the foregoing amount to repay investors, leaving $5,080,266 as the amount of disgorgement. *Id.* at ¶ 15.

The SEC further notes that in a default judgment, entered on August 1, 2003, the Court ordered the corporate defendant, McMinn Consultants, Limited to pay disgorgement in the amount $747,000. [Doc. No. 19, p. 14]. McMinn Consultants, Limited had no officers and Blair-Torbett was its sole director. [Doc. No. 19, ¶ 16]. Blair-Torbett was also the signatory on the bank account of McMinn Consultants, Limited, and the now-defunct corporation operated solely through the acts of Blair-Torbett. [Doc. No. 23, p. 14]. The SEC admits that "an argument exists that the amount of $747,000 previously ordered against her corporate co-defendant should be deducted from the total

6

[amount of disgorgement] ordered against Blair-Torbett." *Id.* However, the SEC asserts "that this portion of the disgorgement should in equity be ordered against [Blair-Torbett] as well." *Id.*

A district court can order the disgorgement of profits obtained through securities fraud based upon its equity powers. *United States S.E.C. v. Midwest Investments, Inc.*, 85 F.3d 630, 1996 WL 229783 (6th Cir. May 6, 1996), *cert. denied*, 520 U.S. 1165, 117 S. Ct. 1425, 137 L.Ed.2d 535 (1997)(citing *S.E.C. v. Patel*, 61 F.3d 137, 139 (2d Cir. 1995)). Disgorgement is meant to force a wrongdoer to give up the amount of her unjust enrichment, not to compensate the victims of the wrongdoer's fraud. *Id.* (citing *S.E.C. v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985)(per curiam). "Once the [SEC] has established that a defendant has violated the securities law, [a] district court possesses the equitable power to grant disgorgement without inquiring whether or to what extent, identifiable private parties have been damaged by fraud." *Id.* (quoting *Blavin*, 760 F.3d at 713). Furthermore, "any risk of uncertainty [in the determination of the amount of disgorgement] . . . should fall on the wrongdoer whose illegal conduct created the uncertainty." *S.E.C. v. Lorin*, 76 F.3d 458, 462 (2d Cir. 1996)(per curiam)(quoting *Patel*, 61 F.3d at 140).

Additionally, joint-and-several liability is appropriate in a securities case "when two or more individuals or entities collaborate or have close relationships in engaging in the illegal conduct." *S.E.C. v. Hughes Capital Corp.*, 124 F.3d 449, 455 (3rd Cir. 1997). Thus, in a disgorgement order a district court has broad discretion in subjecting the offending party to liability on a joint-and-several basis. *Id.* (citing *S.E.C. v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1475 (2d Cir. 1996), *cert. denied*, 522 U.S. 812, 118 S. Ct. 57, 139 L.Ed.2d 21 (1997)). The burden rests on the tortfeasor to establish that disgorgement liability can and should be apportioned. *Hughes*, 124 F.3d at 455 (citing *United States v. Alcan Aluminum Corp.*, 964 F.2d 252, 268-69 (3rd Cir. 1992)).

Therefore, pursuant to the terms of this Court's Order of Permanent Injunction and Other Relief Against Dianna Blairtorbett [Doc. No. 11] which provides that Blair-Torbett may not contend that disgorgement should not be imposed and that Blair-Torbett would pay disgorgement in an amount to be determined later, the Court finds that the SEC is entitled to summary judgment pursuant to Rule 56 on that aspect of its motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty against Blair-Torbett [Doc. No. 22] which seeks disgorgement.

Moreover, as noted, Blair-Torbett has not responded to the SEC's motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty. More specifically, she has not contended and has not satisfied her burden of showing that she should not be held jointly-and-severally liable for disgorgement along with McMinn Consultants, Limited – the entity which she controlled and used to conduct her fraudulent securities scheme. Further, Blair-Torbett has submitted no evidence showing that the now-defunct McMinn Consultants, Limited has actually been able to pay the $747,000 in disgorgement previously ordered against it. Thus, the Court finds that Blair-Torbett should pay disgorgement in the amount of $5,080,266 and its not entitled to an offset for the $747,000 in disgorgement which her now-defunct corporate co-defendant was ordered to pay.

Accordingly, that aspect of the SEC's motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22] which seeks disgorgement in the amount of $5,080,266 against defendant Blair-Torbett will be **GRANTED**.

C.  **Pre-judgement Interest**

The SEC seeks pre-judgment interest in the amount of $1,908,784.01 on the disgorgement amount of $5,080,266. [Doc. No. 22]. The SEC has calculated the pre-judgment interest "on the

amount of $5,080,266 from December 1, 1999 through February 28, 2005, at the interest rates used by the Internal Revenue Service for unpaid balances . . . ." [Doc. No. 23, Exhibit 3, Lough Declaration, ¶ 16].

The decision whether pre-judgment interest is to be awarded is a securities fraud case is an issue of fairness, which is committed to a district court's sound discretion. *S.E.C. v. Henke*, No. 03-16872, 04-15694, 2005 WL 1060243, *1 (9th Cir. May 5, 2003)(citing *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971)); *S.E.C. v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1476 (2nd Cir. 1996). When securities fraud has been committed, the disgorgement remedy should include the gains flowing from the illegal activity. *Henke*, 2005 WL 1060243 at * 1. These gains include pre-judgment interest, which is imposed to insure the wrongdoer does not profit from the securities fraud. *Id.*

Further, when the SEC itself orders disgorgement pursuant to 15 U.S.C. § 78u-2(e), "the interest rate it imposes is the IRS underpayment rate." *First Jersey*, 101 F.3d at 1476. The IRS underpayment rate "reflects what it would have cost to borrow the money from the government and . . . reasonably approximates one of the benefits derived from [the wrongdoer's] fraud." *Id.* Thus, courts have approved the use of the IRS underpayment rate in connection with the disgorgement remedy. *Id.*

Among the factors a court should consider in deciding whether or not to impose pre-judgment interest as part of the disgorgement remedy are:

> "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative quantities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court."

9

*Id.* (quoting *Wickham Contracting Co. v. Local Union No. 3*, 955 F.2d 831, 833-34 (2d Cir.), *cert. denied*, 506 U.S. 946, 113 S. Ct. 394, 121 L.Ed.2d 302 (1992)). Further, in any enforcement action brought by the SEC, the remedial purposes of the relevant statutes takes on special importance. *First Jersey*, 101 F.3d at 1476.

Pursuant to the terms of this Court's Order of Permanent Injunction and Other Relief Against Dianna Blairtorbett [Doc. No. 11] which provides that Blair-Torbett may not contend that pre-judgment interest should not be imposed and that Blair-Torbett would pay pre-judgment interest in an amount to be determined later, the Court finds that the SEC is entitled to a summary judgment pursuant to Rule 56 on that aspect of its motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty against Blair-Torbett [Doc. No. 22] which seeks pre-judgment interest.

In addition, Blair-Torbett has not responded to the SEC's motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty. Specifically, Blair-Torbett has not challenged the SEC's calculation of the amount of pre-judgment interest. Further, in determining/calculating pre-judgment interest the SEC utilized the IRS underpayment rate, which has been expressly approved by other courts as a basis for the determination of the pre-judgment interest portion of a disgorgement remedy. *First Jersey*, 101 F.3d at 1476.

Further, the Court notes that in the Default Judgment against McMinn Consultants, Limited which was entered on August 1, 2003, the Court ordered McMinn Consultants, Limited to pay pre-judgment interest of $198,153.29 as part of the disgorgement remedy ordered against it. [Doc. No. 19, p. 14]. While an argument exists that the $198,153.29 in pre-judgment interest previously ordered against Blair-Torbett's corporate co-defendant should be deducted from the amount of pre-

judgment interest ordered against Blair-Torbett, the Court has already rejected this argument in connection with the amount of disgorgement ordered against Blair-Torbett. As stated above, the Court finds that Blair-Torbett has not satisfied her burden of showing that she should not be held jointly-and-severally liable along with her corporate co-defendant for the pre-judgment interest portion of the disgorgement remedy. Blair-Torbett controlled and used her corporate co-defendant as part of her fraudulent securities scheme and she has submitted no evidence showing that her now-defunct corporate co-defendant has paid or has the capacity to pay the $198,153.29 in pre-judgment interest.

Accordingly, that aspect of the SEC's motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22] which seeks pre-judgment interest in the amount of $1.908,784.01 against Blair-Torbett will be **GRANTED**.

### D. Civil Penalty

The SEC seeks a civil penalty against Blair-Torbett pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d). [Doc. No. 22, 23].

Title 15 U.S.C. § 77t(d) provides in pertinent part:

**(1) Authority of Commission**

Whenever it shall appear to the Commission that any person has violated any provision of this subchapter . . . the Commission may bring an action in a United States district court to seek, and the court shall have jurisdiction to impose, upon a proper showing, a civil penalty to be paid by the person who committed such violation.

**(2) Amount of Penalty**

**(A) First tier**

11

The amount of the penalty shall be determined by the court in light of the facts and circumstances. For each violation, the amount of the penalty shall not exceed the greater of (i) $5,000 for a natural person or $50,000 for any other person, or (ii) the gross amount of the pecuniary gain to such defendant as a result of the violation.

**(B)    Second tier**

Notwithstanding subparagraph (A), the amount of penalty for each such violation shall not exceed the greater of (i) $50,000 for a natural person or $250,000 for any other person, or (ii) the gross amount of pecuniary gain to such defendant as a result of the violation, if the violation described in paragraph (1) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement.

**(C)    Third tier**

Notwithstanding subparagraphs (A) and (B), the amount of penalty for each such violation shall not exceed the greater of (i) $100,000 for a natural person or $500,000 for any other person, or (ii) the gross amount of pecuniary gain to such defendant as a result of the violation, if –

> **(I)** the violation described in paragraph, (1) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and
>
> **(II)** such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.

Title 15 U.S.C. § 77t(d).[1]

The SEC "requests that the Court order . . . [Blair-Torbett] to pay a substantial civil penalty in an amount to be determined by the Court to be appropriate." [Doc. No. 23, p. 16]. The SEC also

---

[1] The substantive provisions of Title 15 U.S.C. §78u(d) are identical to the provisions of 15 U.S.C. § 77t(d). There are some minor differences in the numbering. For example: 15 U.S.C. § 77t(d)(1) is identical to 15 U.S.C. § 78u(d)(3)(A), 15 U.S.C. § 77t(d)(2)(A) is identical to 15 U.S.C. § 78u(d)(3)(B)(i), 15 U.S.C. § 77t(d)(2)(B) is identical to 15 U.S.C. § 78u(d)(3)(B)(ii), and 15 U.S.C. § 77t(d)(2)(C)(I) is identical to 15 U.S.C. § 78u(d)(3)(B)(iii)(aa).

contends that "[g]iven the repeated incidents of fraudulent solicitations by [Blair-Torbett] and . . . the fact that her activity created a significant risk of, and resulted in substantial losses to," the victims of her scheme, a substantial civil penalty would be warranted. *Id.*

Again, pursuant to the terms of this Court's Order of Permanent Injunction and Other Relief Against Dianna Blairtorbett [Doc. No. 11] which provides that Blair-Torbett may not contend that a civil penalty should not be imposed and that Blair-Torbett would pay a civil penalty in an amount to be determined later, the Court finds that the SEC is entitled to a summary judgment pursuant to Rule 56 on that aspect of its motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22] which seeks the imposition of a civil penalty against Blair-Torbett.

Moreover, because Blair-Torbett's actions clearly involved fraud and deceit, the Court finds that the appropriate civil penalty is $50,000 pursuant to 15 U.S.C. §77t(d)(2)(B) and 15 U.S.C. § 78u(d)(3)(B)(ii).

**IV. Conclusion**

For the reasons set forth in detail, above:

(1) That aspect of the SEC's motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22] which seeks disgorgement in the amount of $5,080,266 against defendant Blair-Torbett is hereby **GRANTED**;

(2) That aspect of the SEC's motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22] which

seeks pre-judgment interest in the amount of $1,908.784.91 is hereby **GRANTED**;

(3) That aspect of the SEC's motion for a summary judgment and for disgorgement, pre-judgment interest and a civil penalty [Doc. No. 22] which seeks a civil penalty against defendant Blair-Torbett is hereby **GRANTED**; and,

(4) Pursuant to 15 U.S.C. §77t(d)(2)(B) and 15 U.S.C. § 78u(d)(3)(B)(ii) defendant Blair-Torbett shall pay a civil penalty in the amount of $50,000.

A separate judgment will enter.

SO ORDERED.

ENTER this *3rd day of June, 2005*.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                               CHIEF UNITED STATES DISTRICT JUDGE